**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Love, et al., | No. CV-19-03118-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Safeco Insurance, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Remand, (Doc. 10). For the following reasons the motion is denied.

**BACKGROUND**

Plaintiffs Chris and Christina Love filed an action against their insurance carrier, Defendant Safeco Insurance on April 10, 2019 in the Maricopa County Superior Court. (Doc. 1-4, Ex. A at 2.) On January 10, 2018, the Loves' vehicle received extensive damage when it was involved in an auto accident. (*Id.* at 3.) After the accident the Loves filed a claim with Safeco seeking to cover the costs of repairs made to the vehicle. (*Id.* at 4.) The estimated cost of the repair and storage of the vehicle was $51,249.16 as of April 30, 2018. (Doc. 10 at 2–3.) Of this balance Safeco has paid a total of $29,413.54 and has refused to make any further payments. (*Id.* at 3.) As of June 20, 2019, the vehicle remains with the repair company and continues to accumulate storage fees, and interest. (Doc. 13 at 3.)

The Loves allege that Safeco's failure to pay the full value of the repair without a reasonable basis constitutes a breach of contract. (Doc. 1-4, Ex. A at 5.) The complaint

also alleges a claim of bad faith and seeks punitive damages in addition to special damages because Safeco is alleged to have breached its implied covenant of fair dealing "with an evil mind . . . and with a consistent pattern to undermine the security of its own insurance policies." (*Id.* at 4–5.) The Loves have also asserted a right to recover attorney's fees pursuant to A.R.S. § 12-341.01. (*Id.* at 6.) The complaint does not allege a specific amount in damages other than to say that the total "cost of repairs, including labor, parts, administration, and storage was in excess of $50,0000." (*Id.* at 4.)

On May 15, 2019, Safeco filed a petition for removal asserting that this Court has jurisdiction "because it is a civil action between citizens of different states and the matter in controversy . . . exceeds the sum of $75,000."[1] (Doc 1 at 1, 5.) In support of its assertion that the amount of controversy exceeds $75,000 Safeco has provided the Loves' initial complaint, certification of arbitration, and estimated repair bill. (Doc. 13 at 5–6.) On June 10, 2019, the Loves filed a motion to remand alleging that Safeco had failed to demonstrate that the amount in controversy exceeded $75,000. (Doc. 10 at 1, 3.) (citing 28 U.S.C. § 1447 (c)).

**DISCUSSION**

**I. Legal Standard**

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court where the action is pending. 28 U.S.C. § 1441(a). Typically, courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)

---

[1] The Loves concede that the parties are diverse for the purpose of 28 U.S.C. § 1332. (Doc. 10 at 1.)

("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Where a complaint does not demand a specific dollar amount, the defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Matheson*, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404; *see Gaus*, 980 F.2d at 566–67 ("If it is unclear what amount of damages the plaintiff has sought . . .then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

First, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## II. Analysis

### A. Amount in Controversy

Safeco's Notice of Removal contains sufficient evidence to show that the amount in controversy is $75,000. Safeco alleges that the amount is met by adding together the unpaid repair bill ($21,835.62), the additional storage fees ($41,600.00), the bad faith damages, punitive damages, and the attorney's fees. As such the Court finds that Safeco has provided sufficient evidence to show that more likely than not, the amount in controversy will exceed the $75,000 threshold.

/ / /

### 1. Breach of Contract

The parties agree that the remaining balance on the car repairs is $21,835.62. The parties also agree that the car has remained with the repair shop in storage since the accident on February 5, 2018, accruing storage fees of at least 100 dollars each day. The initial bill provided by Safeco indicates that storage fees through the end of April 2018 are included in the original balance. The Court will assume that the storage fees since May 2018 total $41,600.00 and that the Loves concede to at least this amount because they failed to provide evidence to the contrary or submit a reply.

### 2. Bad Faith Damages

Safeco as evidence that the amount in controversy exceeds $75,000, points to the original complaint where the Loves asserted that they would be seeking damages under a theory of bad faith. The Loves have not specified a certain amount they are seeking in damages under their claim of bad faith. Therefore, Safeco bears the burden of demonstrating that bad faith damages should be considered as part of the amount in controversy. To satisfy this burden Safeco points to the arbitration certificate filed by the Loves, in which the Loves certified that the value of the breach of contract claim, the bad faith claim, and punitive damages exceed $50,000 excluding attorneys' fees, interest, and costs. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

In addition, Safeco provided for the court a series of Arizona cases, in which the plaintiff was awarded bad faith damages. *See Nasiri v. Allstate Indem. Co.*, 41 F. App'x 76, 78 (9th Cir. 2002) (court considered as evidence damages awarded in similar bad faith cases); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The amount of bad faith awarded in each of the cited cases ranged from $100,000.00 to $155,000.00. *See, e.g. Nardelli v. Met. Grp. Prop. And Cas. Ins. Co.*, 2009 WL 1607782 (Ariz. Super. Mar 20, 2009) (jury awarded $155,000 for bad faith tort claim related to a car insurer's bad faith conduct); *Simms v. State Farm Fire & Casualty Co.*, 2006 WL 4551856 (D. Ariz.

June 29, 2006) ($100,000.00 jury award for property insurance bad faith claim); *Steele v. Am. Family Mut. Ins. Co.*, 2008 WL 6090680 (Ariz. Super. Dec. 19, 2008) (same). Notably, two of the three cases involved bad faith claims in the context of home insurance policies, and in all three cases the plaintiff alleged to have suffered emotional damage as a result of the insurers failure to pay on a claim. While the Loves in their complaint did not allege that Safeco's conduct caused them emotional distress, they do allege that Safeco's failure to pay the full balance of the repair bill caused them to be without their vehicle for well over a year. In acknowledging the factual distinctions between the cited cases and the claim here, this Court finds that the cited cases are sufficiently similar to be considered as proof of potential bad faith awards. Thus, they are sufficiently similar to show that if the Loves are successful on their bad faith claim, they will more likely than not be awarded compensatory damages in excess of $12,000.00. As such this Court concludes that Safeco has met its burden and shown that the combined value of the bad faith claim and the breach of contract claim are more likely than not to exceed the $75,000 threshold.

## CONCLUSION

Defendant Safeco has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

**IT IS THEREFORE ORDERED** that Plaintiffs Chris and Christina Love's Motion to Remand (Doc. 10) is **DENIED**.

Dated this 18th day of July, 2019.

_____
G. Murray Snow
Chief United States District Judge